WILLIAM C. SCHROEDER
**KSB LITIGATION, P.S.**
221 N. Wall St., Ste. 210
Spokane, WA 99201
(509) 624-8988
wcs@KSBLit.legal
*Attorneys for Defendant*
*The Moody Bible Institute of Chicago*

## UNITED STATES DISTRICT COURT
## EASTERN DISTRICT OF WASHINGTON

| | |
|---|---|
| YUKI LEE, in her capacity as personal representative of the Estate of her deceased husband, JOOCHAN LEE, individually and Decedent's surviving wife, and in her capacity as Guardian of their minor daughter, A.L., both as beneficiaries and heirs of Decedent's estate,<br><br>Plaintiffs,<br><br>vs.<br><br>THE MOODY BIBLE INSTITUTE OF CHICAGO, an Illinois corporation,<br><br>Defendant. | No.<br><br>**NOTICE OF REMOVAL OF ACTION PURSUANT TO 28 U.S.C. § 1441(b) BY DEFENDANT THE MOODY BIBLE INSTITUTE OF CHICAGO** |

PLEASE TAKE NOTICE that pursuant to 28 U.S.C. §§ 1332, 1441, and 1446, Defendant THE MOODY BIBLE INSTITUTE OF CHICAGO ("Moody Bible") hereby removes this civil action from the Superior Court of the State of Washington in and for the County of Spokane, where it is currently pending as Case No. 19-2-03757-32, to the United States District Court for the Eastern District of Washington.

NOTICE OF REMOVAL - 1

This Court has original jurisdiction over this action pursuant to 28 U.S.C. § 1332(a) on the grounds that complete diversity exists between the parties and the amount in controversy exceeds the sum of $75,000, exclusive of interest and costs. Plaintiffs, Yuki Lee individually, as personal representative of the estate of her deceased husband, Joochan Lee, and as guardian of their minor daughter, A.L. (hereinafter "Plaintiffs"), are citizens of Washington. Defendant, Moody Bible, is a citizen of Illinois. Finally, it is clear from Plaintiffs' Complaint itself that the amount in controversy exceeds $75,000.

## BACKGROUND

On August 29, 2019, an action was commenced in the Superior Court of the State of Washington in and for the County of Spokane, entitled *Yuki Lee in her capacity as Personal Representative of the Estate of her deceased husband JOOCHAN LEE, individually as Decedent's surviving wife, and in her capacity as Guardian of their minor daughter, A.L., both as beneficiaries and heirs of Decedent's estate v. The Moody Bible Institute of Chicago, an Illinois Corporation*, as Case No. 19-2-03757-32. Pursuant to 28 U.S.C. § 1446(a), a copy of the Summons and Complaint is attached hereto as Exhibit A.

Plaintiffs' Complaint sounds in wrongful death. Plaintiffs allege decedent, Joochan Lee, was killed in an air crash while a student on board a training flight conducted by Moody Bible. (Exhibit A, ¶ 1.1). The air crash occurred on July 13, 2018, near Deer Park, Washington. (Exhibit A, ¶ 1.1). Decedent was 24 years-old

NOTICE OF REMOVAL - 2

at the time of his death. Plaintiffs Complaint does not contain a statement of the damages sought, but seeks all damages recoverable in a wrongful death case under Washington law. (Exhibit A, ¶¶ 8.1 – 8.5).

## GROUNDS FOR REMOVAL

**A. Standard for Removal.**

As set forth more fully below, this Court has subject matter jurisdiction under 28 U.S.C. 1332, which confers original jurisdiction on a district court for "all civil actions where the matter in controversy exceeds the sum or value of $75,000, exclusive of interest and costs, and is between . . . citizens of different States and in which citizens or subjects of a foreign state are additional parties[.]" A party to a civil action brought in state court may remove that action to federal court if the district court would have had original jurisdiction at the time of both commencement of the action and removal. *See* 28 U.S.C. § 1441(a).

To remove a case from a state court to a federal court, a defendant must file in the federal forum a notice of removal "containing a short and plain statement of the grounds for removal." 28 U.S.C. § 1446(a). "By design, §1446(a) tracks the general pleading requirement stated in Rule 8(a) of the Federal Rules of Civil Procedure." *Dart Cherokee Basin Operating Co., LLC v. Owens*, 574 U.S. 81, 87 (2014). Consequently, courts should apply the same liberal rules to removal allegations that are applied to other matters of pleading. *Dart Cherokee*, 574 U.S. at 87.

NOTICE OF REMOVAL - 3

**B. There is Complete Diversity of Citizenship.**

Plaintiffs are citizens of Washington. A natural person is considered a citizen of a state if that person is domiciled within that state. 28 U.S.C. § 1332. An executor or a guardian is considered to be a citizen only of the state of the individual the executor or guardian represents in the litigation. 28 U.S.C. § 1332(c)(2). Specifically, "[t]he legal representative of the estate of a decedent shall be deemed to be a citizen only of the same State as the decedent, and the legal representative of an infant or incompetent shall be deemed to a citizen only of the same State as the infant or incompetent." *Id*.

Plaintiff Yuki Lee is domiciled in Washington in her individual capacity. Consequently, she is a citizen of Washington. Yuki Lee has resided in Washington since at least 2015. Yuki Lee was married in Washington and gave birth to her child in Washington. Yuki Lee is the duly appointed Personal Representative of the Estate of Decedent Joochan Lee filed under Spokane County Superior Court cause of action #19-4-s01268-32. (Exhibit A, ¶ 2.1). The Petition to Appoint a Personal Representative establishes Yuki Lee resides in Colfax, Washington. A copy of The Petition to Appoint a Personal Representative is attached hereto as Exhibit B, ¶ 6.

Plaintiff Yuki Lee is a citizen of Washington in her capacity as the personal representative of the estate of the decedent, Joochan Lee. Joochan Lee was a resident of Washington from 2015 until his death. (Exhibit B, ¶ 1). Joochan Lee

NOTICE OF REMOVAL - 4

left an estate and property in Spokane County, Washington at the time of his death. (Exhibit B, ¶ 1). Joochan Lee was domiciled in Washington at the time of his death. Consequently, he was a citizen of Washington.

Plaintiff Yuki Lee is a citizen of Washington in her capacity as guardian of her minor daughter, A.L. A minor normally takes her parents' domicile. *Miss. Band of Choctaw Indians v. Holyfield*, 490 U.S. 30, 48 (1989). A.L. was born in Washington. A.L. current resides in Colfax, Washington. Further, as was established *supra*, A.L.'s parents are both citizens of Washington.

Moody Bible is a citizen of Illinois. The federal diversity statute provides that "a corporation shall be deemed to be a citizen of any State by which it has been incorporated and of the State where it has its principal place of business." 28 U.S.C. § 1332(c)(1). The United States Supreme Court has held the phrase "principal place of business" refers to the place where the corporation's high level officers direct, control, and coordinate the corporation's activities." *Hertz Corp. v. Friend*, 559 U.S. 77, 80 (2010).

Plaintiffs' Complaint names Moody Bible as the sole defendant. Moody Bible was incorporated in Illinois. Additionally, its principal place of business is in Chicago, Illinois. Plaintiffs admit Moody Bible "maintains its headquarters in Chicago, Illinois." (Exhibit A, ¶ 2.2). Plaintiffs further admit "Moody is and has been an Illinois Corporation." (Exhibit A, ¶ 2.2).

All Plaintiffs are citizens of Washington. The Defendant is a citizen of

Illinois. Accordingly, there is complete diversity of citizenship between the parties.

**C. The Amount-In-Controversy Requirement is Satisfied**

When diversity of parties exists, the district courts shall have original jurisdiction where the matter in controversy exceeds the sum or value of $75,000. 28 U.S.C. 1332. When the plaintiff's complaint does not state the amount in controversy, the defendant's notice of removal may do so. §1446(c)(2)(A). In *Dart Cherokee*, the United States Supreme Court held that "a defendant's notice of removal need include only a plausible allegation that the amount in controversy exceeds the jurisdictional threshold." *Dart Cherokee Basin Operating Co., LLC v. Owens*, 574 U.S. 81, 89 (2014).

Plaintiffs' Complaint does not state the amount in controversy. The Complaint sounds in Wrongful Death. Under Washington law, the deceased's estate and the surviving spouse and children may recover economic and non-economic damages. RCW § 4.20.020. Here, Plaintiffs seek all compensable damages available under Washington law.

Specifically, Plaintiffs seek damages related to the decedent's "pre-death fright, terror, and pain and other suffering." (Exhibit A, ¶ 8.1). Plaintiffs allege the "estate suffered damages including, but not limited to, loss of net accumulations of income – both past and future, funeral expenses, medical expenses, and premature estate taxes." (Exhibit A, ¶ 8.2).

Plaintiffs allege Yuki Lee and her minor daughter "suffered past and future special damages including, but not limited to, loss of support, services, inheritance, guidance, advice, and counseling they would have received from their husband and father had he been allowed to live a full life." (Exhibit A, ¶ 8.3). Plaintiffs further allege Yuki Lee and her minor daughter "sustained general damages including, but not limited to, extreme mental anguish, grief and sorrow, and the loss of their husband and father's love and affection, consortium, nurture, society companionship and the destruction of the parent-child relationship." (Exhibit A, ¶ 8.4).

Accordingly, the amount in controversy in this action exceeds $75,000, exclusive of interest and costs.

**D. The Other Prerequisites for Removal Are Satisfied**

The notice of removal "shall be filed within 30 days after the receipt by the defendant . . . or within 30 days after the service of summons upon the defendant if such initial pleading has then been filed in court . . .". 28 U.S.C. § 1446(b)(1). Here, Plaintiffs' Complaint was filed in the Superior Court of the State of Washington in and for the County of Spokane on August 29, 2019. (Exhibit A). It was served on Moody Bible on September 4, 2019. Consequently, this Notice of Removal is timely filed.

This action is properly removed to the United States District Court for the Eastern District of Washington, Spokane Division, which is "the district and

NOTICE OF REMOVAL - 7

division embracing the place where [the] action is pending." 28 U.S.C. § 1441(a).

Title 28 U.S.C. § 1446(a) requires a copy of all process, pleadings, and orders served upon the removing defendant in the state court action to be included with this Notice of Removal. Moody Bible was served with Plaintiffs' Summons and Complaint, which is attached hereto as Exhibit A.

If any question arises as to the propriety of the removal of this action, Moody Bible respectfully requests the opportunity to submit briefing and oral argument and to conduct discovery in support of its position that subject matter jurisdiction exists.

Respectfully submitted this 24th day of September, 2019.

**KSB LITIGATION, P.S.**

By: *s/ William C. Schroeder*
William C. Schroeder, #41986
221 N. Wall St., Ste. 210
Spokane, WA 99201
Telephone:  (509) 624-8988
wcs@ksblit.legal
Attorneys for Defendant Moody Bible Institute of Chicago

## CERTIFICATE OF SERVICE

    I hereby certify that on this 24th day of September, 2019, I electronically filed the foregoing with the Clerk of the Court using the CM/ECF System which will send notification of such filing to all parties and counsel which are filing users (LR 5.1(b)), and that I have mailed by United States Postal Service this document to the following non CM/ECF participants:

*No manual recipients*

                          By: *s/ William C. Schroeder*
                              William C. Schroeder
                              KSB Litigation, P.S.
                              221 N. Wall St., Ste. 210
                              Spokane, WA 99201
                              Telephone:  (509) 624-8988
                              wcs@ksblit.legal
                              Attorneys for Defendant Moody
                              Bible Institute of Chicago