Exhibit "A"

CN: 1920375732
SN: 1
PC: 12

FILED
AUG 29 2019
Timothy W. Fitzgerald
SPOKANE COUNTY CLERK

IN THE SUPERIOR COURT OF THE STATE OF WASHINGTON
IN AND FOR THE COUNTY OF SPOKANE

| | |
|---|---|
| YUKI LEE in her capacity as Personal Representative of the Estate of her deceased husband JOOCHAN LEE, individually as Decedent's surviving wife, and in her capacity as Guardian of their minor daughter, A.L., both as beneficiaries and heirs of Decedent's estate.<br><br>Plaintiffs<br><br>vs.<br><br>**The Moody Bible Institute of Chicago**, an Illinois corporation;<br><br>Defendant | CASE NO. 19203757-32<br><br>**SUMMONS** |

**TO: The Moody Bible Institute of Chicago**

A lawsuit has been started against you in the above-entitled court by the Plaintiff. Plaintiff's claims are stated in the written Complaint, a copy of which is served upon you with this Summons.

In order to defend against the lawsuit, you must respond to the Complaint by stating your defense in writing, and serve a copy upon the undersigned attorneys for plaintiff within twenty (20) days after the service of

this Summons, or within sixty (60) days if this Summons was served outside the State of Washington, excluding the day of service, or a default judgment may be entered against you without notice. A default judgment is one where plaintiff is entitled to what they ask for because you have not responded. If you serve a Notice of Appearance on the undersigned attorney, you are entitled to notice before a default judgment may be entered.

You may demand that plaintiff file the lawsuit with the Court. If you do so, the demand must be in writing and must be served upon plaintiff. Within fourteen (14) days after the service of the demand, plaintiff must file this lawsuit with the Court, or the service on you of this Summons and Complaint will be void.

If you wish to seek the advice of an attorney in this matter, you should do so promptly so that your written response, if any, may be served on time.

This Summons is stated pursuant to Rule 4 of the Superior Court Civil Rules of the State of Washington.

Dated this 26th day of August 2019.

**HERRMANN LAW GROUP**

/S/ Charles Herrmann
Charles Herrmann (WSBA #6173)
Anthony Marsh (WSBA #45194)
Attorneys for Plaintiff

SUMMONS

2

HERRMANN LAW GROUP
505 5th Ave So, Ste 330
Seattle, WA 98104

SUPERIOR COURT OF WASHINGTON FOR __Spokane__ COUNTY

__Yuki Lee__                  Plaintiff/Petitioner       No. **19203757-32**

vs                                                  DECLARATION OF
                                                    EMAILED DOCUMENT
__The Moody Bible__                                 (DCLR)
__Institute of Chicago__      Defendant/Respondent

Pursuant to the provisions of GR 17, I declare as follows:

1. I am the party who received the foregoing facsimile transmission for filing.
2. My address is: 14717 N Dartford Dr, Spokane, WA 99208
3. My phone number is: (509) 262-8106
4. The email address where I received the document is: sgobble@abclegal.com
5. I have examined the foregoing document, determined that it consists of __3__ pages, including this Declaration page, and that it is complete and legible.

I certify under the penalty of perjury under the laws of the State of Washington that the above is true and correct.

Dated: __8/29/19__, at, __9:00 am__

Signature: _____

Print Name: __Skyler Gobble__

FILED

AUG 29 2019

Timothy W. Fitzgerald
SPOKANE COUNTY CLERK

IN THE SUPERIOR COURT OF THE STATE OF WASHINGTON
IN AND FOR THE COUNTY OF SPOKANE

YUKI LEE in her capacity as Personal Representative of the Estate of her deceased husband JOOCHAN LEE, individually as Decedent's surviving wife, and in her capacity as Guardian of their minor daughter, A.L., both as beneficiaries and heirs of Decedent's estate.

Plaintiffs

vs.

The Moody Bible Institute of Chicago, an Illinois corporation;

Defendant

CASE NO. 19203757-32

COMPLAINT FOR
WRONGFUL DEATH

DEMAND FOR JURY TRIAL

Comes now the Plaintiff *Yuki Lee*, through her attorneys Charles Herrmann and Anthony Marsh of the **HERRMANN LAW GROUP,** to allege and complain against the defendant as follows:

## I. NATURE OF ACTION

1.1 Plaintiff *Yuki Lee (Lee)* seeks recovery of damages for personal injuries and wrongful death of her Decedent, *Joochan Lee (Joochan)* who was killed in an air crash while a student on board a training flight conducted by Defendant *The Moody*

*Bible Institute of Chicago's* missionary aviation school *(Moody)*. The air crash occurred on July 13, 2018, near Deer Park, Washington.

## II. PARTIES

2.1 Plaintiff *Yuki Lee* is *Joochan's* surviving widow, the natural custodial mother, and legal guardian of their minor daughter A.L. She is an adult over 18 years old. At the time of the collision, she was pregnant carrying her minor daughter A.L. who is, at the time of filing this complaint, 6 months old. Plaintiff *Lee* is also the duly appointed Personal Representative of the Estate of Decedent *Joochan Lee* filed under Spokane County Superior Court cause of action #19401268-32.

2.2 Defendant *Moody* is present and doing business in Spokane, Washington. It maintains its headquarters in Chicago, Illinois. *Moody* is and has been an Illinois corporation, registered with the Secretaries of State in Washington and Illinois. *Moody* owns and operates a Missionary Aviation College in Spokane, Washington, which offers a degree in "Missionary Aviation Technology."

## III. JURISDICTION & VENUE

3.1 The flight departed Felts Field airport within the city limits of Spokane in Spokane County. The air crash occurred near the unincorporated community of Clayton in Stevens County, Washington. Defendant *Moody* is present and doing business in Spokane County. *Joochan's* estate is filed and pending in Spokane County Superior Court.

3.2 This Court has subject matter jurisdiction in this action pursuant to WA Const. Art. 4 §6. Venue is proper in this court under RCWA 4.12.et seq.

## IV. FACTS

4.1 *Joochan* was enrolled as a student in *Moody's* Aviation College, seeking a degree in Aviation Technology as a pilot. He planned to first become a missionary pilot and then engage in a career as a commercial pilot.

4.2 On July 13, 2018, *Joochan* was taking his first flight training lesson. He had never before flown an aircraft. He was seated in the left front seat of the aircraft,

a Cessna 17R "Skyhawk," manufactured in year 2000 with registration #N24442. The plane was exclusively owned and operated by *Moody*.

4.3 The plane and flight were under the command and control of *Diego Senn*, a *Moody* Certified Flight Instructors (CFI). Mr. *Senn* had received his CFI license 6 months before on January 14, 2018. *Andrew Trouten*, a fellow student at *Moody*, was seated in a back seat as merely a voluntary passenger/observer.

4.4 The flight departed Felts Field Airport in Spokane, Washington at approximately 9:55 a.m. on July 13, 2018. Weather was clear with 10 miles of visibility. Temperature was 28 C / 82.4 F. Wind was a mild 4 knots at 110° SE.

4.5 Following departure, the CFI communicated with the Spokane Terminal Radar Approach Control (GEG TRACON) and proceeded to the Clayton practice area near Dear Park, Washington, approximately 15 miles northwest of the Felts Field airport.

4.6 A review of track data indicated that at 10:10 a.m., after entering the Clayton practice area located a few miles west of Deer Park, the airplane began a gradual 90° left-turn and continued in a southwestern direction. The airplane continued in a gradual climb to about 7,000 ft *mean sea level* (msl) and then made a 180° right turn. The flight track remained on a northeastern heading until about 10:18 a.m., at which point the airplane made another 180° turn to the heading of 208°. The airplane proceeded about 2.5 miles varying in altitude between from about 7,000 to 7,450 ft msl. At 10:20:53 the track data indicated the airplane was at an altitude of 7,000 ft msl with an estimated ground speed of 77 knots.

4.7 From that point, the plane made a sharp 90° right-turn and continued on a 305° heading for about 3,020 ft for 20 seconds. The plane then made another sharp 90° right-turn and after about 880 ft and the last recorded track data at 10:21:18 indicated an estimated ground speed of 117 knots. The accident site was about 740 ft southwest of the last recorded track data.

4.8 Witnesses reported that they observed the airplane in a steep dive toward terrain when the wings broke off from the plane. All three people onboard, trapped in a wingless fuselage and unable to maneuver, plummeted to their deaths upon impact with the terrain below.

4.9 About 11:10 another *Moody* CFI, waiting for the airplane back at Felts Field for the next scheduled training flight, tried to communicate with CFI Senn on the radio and on a cell phone. He then contacted personnel at GEG TRACON who confirmed the subject airplane had disappeared from radar about 10:21.

4.10 The accident site was in a grass field of rural farm land near Deer Park, about 20 nautical miles northwest of Felts Field. In character, while there were some densely populated stands of trees, there were ample open fields where a successful forced emergency landing could have been accomplished. The elevation of the open field where the wreckage was found is 2,265 ft msl.

4.11 The wreckage was distributed over 400 ft distance on a median magnetic bearing of about 030°. The outboard sections of both right and left wings were at the beginning of the debris field about 330 and 190 ft from the main wreckage, respectively (see NTSB figure below). The debris between the outboard wing sections and the main wreckage consisted of left-wing pieces. All control surfaces and their mass balance weights were accounted for in the debris field.



Complaint for
Wrongful Death

*HERRMANN LAW GROUP*
505 5th Ave So, Ste 330
Seattle, WA 98104

## V. RESPONDEAT SUPERIOR

5.1 All acts and/or omissions by Defendant *Moody* were performed or omitted by authorized agents acting within the scope of their agency. Thus, under the doctrine of *Respondeat Superior*, *Moody* is vicariously liable for all their acts and/or omissions.

## VI. FIRST CAUSE OF ACTION

## NEGLIGENCE

6.1 All above paragraphs are incorporated herein as though fully set forth.

6.2 Based upon information and belief, Plaintiff *Lee* further alleges that Defendant *Moody* negligently failed to provide *Joochan* with a safe and airworthy aircraft. *Moody* failed to service, maintain, and upgrade the plane according to the manufacturer's instructions and the several Federal Aviation Administration (FAA) airworthiness directives. As a result, the plane lost engine power and could not be restarted while performing routine maneuvers.

6.3 Defendant *Moody's* CFI failed to manage the plane's engine inflight, causing it to cease running.

6.4 Defendant Moody's CFI failed to restart the engine by not following the manufacturer's "Engine Failure During Flight (Restart Procedures)" checklist as follows:

**ENGINE FAILURE DURING FLIGHT (Restart Procedures)**
1. Airspeed - 65 KIAS (best glide speed)
2. FUEL SHUTOFF Valve - ON (push full in)
3. FUEL SELECTOR Valve - BOTH
4. FUEL PUMP Switch - ON
5. Mixture Control - RICH (if restart has not occurred)
6. MAGNETOS Switch - BOTH (or START if propeller is stopped)

**NOTE**
If the propeller is wind milling, engine will restart automatically within a few seconds. If propeller has stopped (possible at low speeds), turn MAGNETOS switch to START, advance throttle slowly from idle and lean the mixture from full rich as required to obtain smooth operation.

7. FUEL PUMP Switch - OFF

**NOTE**
If the indicated fuel flow (FFLOW GPH) immediately drops to zero, a sign of failure of the engine-driven fuel pump, return the FUEL PUMP switch to the ON position.

6.5 *Moody's* CFI failed to glide the plane into landing in any of the suitable open fields available on the ground below. He failed to follow the proper "Emergency Landing Without Power Check List:"

**EMERGENCY LANDING WITHOUT ENGINE POWER**
1. Pilot and Passenger Seat Backs - MOST UPRIGHT POSITION
2. Seats and Seat Belts - SECURE
3. Airspeed - 65 KIAS - Flaps UP - 60 KIAS - Flaps 10° - FULL
4. Mixture Control - IDLE CUTOFF (pull full out)
5. FUEL SHUTOFF Valve - OFF (pull full out)
6. MAGNETOS Switch - OFF
7. Wing Flaps - AS REQUIRED (FULL recommended)
8. STBY BATT Switch - OFF
9. MASTER Switch (ALT and BAT) - OFF (when landing is assured)
10. Doors - UNLATCH PRIOR TO TOUCHDOWN
11. Touchdown - SLIGHTLY TAIL LOW
12. Brakes - APPLY HEAVILY

6.6 Defendant *Moody was* negligent in other ways as discovery may reveal. Plaintiffs request reservation of the right to amend this complaint to add any further acts of negligence discovered.

6.7 Defendant *Moody* was negligent in that it did not maintain, upgrade, and operate the plane in the manner a reasonably prudent flight school ought to have done.

6.8 Defendant *Moody's* negligence was the proximate of *Joochan's* death and all of plaintiffs' damages.

## VII. SECOND CAUSE OF ACTION

### *RES IPSA LOCQUITUR*

7.1 In the alternative, Plaintiff *Lee* further alleges the doctrine of *Res Ipsa Locquitur* in that the precise acts of negligence by Defendant *Moody's* agents are

Complaint for
Wrongful Death

HERRMANN LAW GROUP
505 5th Ave So, Ste 330
Seattle, WA 98104

currently unknown to *Lee*. However, an accident of this type obviously does not normally occur without negligence; the aircraft was undeniably under *Moody's* exclusive control for inspection, maintenance and upgrades prior to the flight and its operation during the flight by *Moody's* CFI; and, the accident was not caused by any voluntary action or contribution on *Joochan's* part.

7.2 Defendant *Moody's* negligent acts and/or omissions were the proximate cause of the death of *Joochan* and all of Plaintiffs' damages.

## VIII. DAMAGES

8.1 As a direct and proximate result of *Moody's* negligence, *Joochan* suffered pre-death fright, terror, pain and other suffering, the extent of which will be proven at trial.

8.2 *Joochan's* estate suffered damages including, but not limited to, loss of net accumulations of income—both past and future, funeral expenses, medical expenses, and premature estate taxes.

8.3 Plaintiff *Lee* and her minor daughter A.L. suffered past and future special damages including, but not limited to, loss of support, services, inheritance, guidance, advice, and counseling they would have received from their husband and father had he been allowed to live a full life.

8.4 Plaintiff *Lee* and her minor daughter A.L. have further sustained general damages including, but not limited to, extreme mental anguish, grief and sorrow, and the loss of their husband and father's love and affection, consortium, nurture, society companionship and the destruction of the parent-child relationship.

8.5 Plaintiff *Lee* and her minor daughter have sustained further damages to be proven at trial.

## IX. JURY DEMAND

9.1 Plaintiff *Lee* demands trial by jury on all issues.

## X. PRAYER FOR RELIEF

10.1 Plaintiff *Lee* prays for judgment against Defendant *Moody* as follows:

10.2 Special and general damages sustained by Plaintiffs in amounts to be proven at trial;

10.3 All other damages to which Plaintiffs may be entitled under law;

10.4 Attorney fees and costs incurred in prosecuting this action; and,

10.5 Such other relief as the Court deems just and equitable in the premises.

**WHEREFORE** the Plaintiff *Yuki Lee* prays for judgment against Defendant *Moody* for compensatory damages, pre-judgment and post-judgment interest, together with attorney fees and costs.

Dated this 26th day of August 2019.

*HERRMANN LAW GROUP*

/S/ *Charles Herrmann*
Charles Herrmann (WSBA #6173)
Anthony Marsh (WSBA #45194)
Attorneys for Plaintiff

SUPERIOR COURT OF WASHINGTON FOR __Spokane__ COUNTY

Yuki Lee                              Plaintiff/Petitioner
                                      No. **19203757-32**
vs                                    DECLARATION OF
                                      EMAILED DOCUMENT
The Moody Bible                       (DCLR)
Institute of Chicago    Defendant/Respondent

Pursuant to the provisions of GR 17, I declare as follows:

1. I am the party who received the foregoing facsimile transmission for filing.
2. My address is: 14717 N Dartford Dr, Spokane, WA 99208
3. My phone number is: (509) 262-8106
4. The email address where I received the document is: sgobble@abclegal.com
5. I have examined the foregoing document, determined that it consists of __9__ pages, including this Declaration page, and that it is complete and legible.

I certify under the penalty of perjury under the laws of the State of Washington that the above is true and correct.

Dated: __8/29/19__, at, __9:00 am__

Signature: _____

Print Name: __Skyler Gobble__

Exhibit "B"

```
1  CN: 1940126832
2  SN: 1
3  PC: 6
                                                    FILED
4
                                                 AUG 1 6 2019
5
                                               TIMOTHY W. FITZGERALD
6                                               SPOKANE COUNTY CLERK
7
8         IN THE SUPERIOR COURT OF THE STATE OF WASHINGTON
                   IN AND FOR THE COUNTY OF SPOKANE
9
10  In re the Estate of:              NO. 19401268-32
11  JOOCHAN LEE,                      PETITION TO APPOINT PERSONAL
                                      REPRESENTATIVE OF THE
12              Decedent.             ESTATE OF JOOCHAN LEE AND
                                      FOR LETTERS OF
13                                    ADMINISTRATION
14
```

15      COMES NOW YUKI LEE the petitioner and surviving spouse of JOOCHAN LEE,
16 deceased, and the Petitioner herein, and respectfully demonstrates to this court as
17 follows:

18    1. **Decedent.** Decedent, JOOCHAN LEE, resident of Washington State, died
19       intestate following an air plane crash on July 13, 2018. A copy of Decedent's
20       *Death Certificate* is attached as Exhibit A.
21    2. **No Will.** No valid Will of Decedent has been found. There is no evidence any
22       exists.
23    3. **Jurisdiction.** The Decedent left an estate and property in Spokane County
24       subject to administration by the court, a claim for personal injury, which
25       constitutes "property," *See, Gray v. Goodson*, 61 Wn.2d 319, 378 P.2d 413
26       (1963).
27    4. **Personal Injury Claim.** As a result of the incident, the Decedent has a viable
28       personal injury claim against Moody Bible Institute of Chicago.

PETITION TO APPOINT PERSONAL                          HERRMANN LAW GROUP
REPRESENTATIVE AND LETTERS OF                         505 Fifth Ave S, Ste. 330
ADMINISTRATION                                        Seattle, WA 98104
                                                      P: 206-626-9104
                                                      F: 206-682-6710

5. **Personal Representative.** The Decedent was married at the time of his death to YUKI LEE.

Administration of an estate if the decedent died intestate ... shall be granted to some one or more of the persons hereinafter mentioned, and they shall be respectively entitled in the following order: (1) The surviving spouse or state registered domestic partner, or such person as he or she may request to have appointed. (2) The next of kin in the following order: (a) Child or children; (b) father or mother; (c) brothers or sisters; (d) grandchildren; (e) nephews or nieces. RCW 11.28.120. See *Oath of Personal Representative.*

6. **Heirs.** The name, address, relationship, and date of birth of each heir of Decedent are as follows:

| Name / Address | Relationship | Date of Birth |
|---|---|---|
| YUKI LEE<br>Colfax, Washington | Wife<br>(Petitioner) | 03/08/1992 |
| ANNA JOOHA LEE<br>Colfax, Washington | Daughter | 02/12/2019 |

7. **Counsel for Petitioner.** The Decedent's spouse, YUKI LEE, is a statutory beneficiary pursuant to RCW 4.20.020, has retained the undersigned firm to represent her and Decedent's estate relevant to this matter, and to investigate and seek resolution of the same.

8. **Bond.** Petitioner should be allowed to serve as personal representative at this time, without bond. Bond can be set at a later date pursuant to RCW 11.28.210, if deemed necessary.

9. **Nonintervention Powers.** Nonintervention Powers should be granted to Petitioner as the Petitioner is the surviving spouse.

PETITION TO APPOINT PERSONAL
REPRESENTATIVE AND LETTERS OF
ADMINISTRATION

HERRMANN LAW GROUP
505 Fifth Ave S, Ste. 330
Seattle, WA 98104
P: 206-626-9104
F: 206-682-6710

10. **Solvency.** Petitioner has knowledge of the decedent's affairs as petitioner is the surviving spouse of the decedent who lived with decedent for a substantial period of time immediately prior to his death. Petitioner believes that the Estate is solvent.

**Petitioner moves the court for an order be entered as follows:**

1. Appointing YUKI LEE, Decedent's surviving spouse, as the Personal Representative of the Estate of JOOCHAN LEE, to serve without bond and with Nonintervention Powers.
2. Order that *Letters of Administration* be promptly issued to YUKI LEE upon filing of *Oath of Personal Representative*.

DATED this ___ day of _August_____, 2019.

**HERRMANN LAW GROUP**

_____
Anthony Marsh, WSBA #45194
Attorney for Petitioner

STATE OF WASHINGTON )
                    )
COUNTY OF KING      )
SUBSCRIBED AND SWORN before me this 16th day of August, 2019.

_____
NOTARY PUBLIC in and for the State of Washington residing at

_Seattle, WA_____.

My commission expires: 7/17/22

[Notary Stamp: JOHN H HERRMANN, NOTARY PUBLIC, STATE OF WASHINGTON, License Number 202310, My Commission Expires July 17, 2022]

PETITION TO APPOINT PERSONAL
REPRESENTATIVE AND LETTERS OF
ADMINISTRATION

HERRMANN LAW GROUP
505 Fifth Ave S, Ste. 330
Seattle, WA 98104
P: 206-626-9104
F: 206-682-6710

# STATE OF WASHINGTON
# DEPARTMENT OF HEALTH

## CERTIFICATE OF DEATH



CERTIFICATE NUMBER: 2018-031743

DATE ISSUED: 07/24/2018
FEE NUMBER:

FIRST AND MIDDLE NAME(S): JOOCHAN
LAST NAME(S): LEE
    AKA: JC AUSTEN LEE      AKA: JOOCHAN AUSTEN LEE      AKA:
COUNTY OF DEATH: STEVENS
DATE OF DEATH: JULY 13, 2018
HOUR OF DEATH: 10:21 AM
SEX: MALE      AGE: 24 YEARS
SOCIAL SECURITY NUMBER: UNKNOWN

PLACE OF DEATH: OTHER PLACE
FACILITY OR ADDRESS: 5047 BITTRICH-ANTLER ROAD
CITY, STATE, ZIP: DEER PARK, WASHINGTON 99006

RESIDENCE STREET: 902 WEST MANSFIELD AVE 2
CITY, STATE, ZIP: SPOKANE, WA 99205
INSIDE CITY LIMITS: YES      COUNTY: SPOKANE
TRIBAL RESERVATION: NOT APPLICABLE
LENGTH OF TIME AT RESIDENCE: 1 YEAR

HISPANIC ORIGIN: NO, NOT SPANISH/HISPANIC/LATINO
RACE: KOREAN

BIRTH DATE: NOVEMBER 22, 1993
BIRTHPLACE: ANDONG KOREA

FATHER/PARENT: SANG PYO LEE
MOTHER/PARENT: MYUNG HEUI BAEK

MARITAL STATUS: MARRIED
SPOUSE: YUKI JOY KOIKE

METHOD OF DISPOSITION: CREMATION
PLACE OF DISPOSITION: WHEATLAND CREMATORY

OCCUPATION: STUDENT
INDUSTRY: AVIATION FLIGHT SCHOOL
EDUCATION: ASSOCIATE DEGREE
US ARMED FORCES: NO

CITY, STATE: PULLMAN, WASHINGTON
DISPOSITION DATE: JULY 19, 2018

FUNERAL FACILITY: BRUNING FUNERAL HOME

INFORMANT: YUKI JOY LEE
RELATIONSHIP: WIFE
ADDRESS: 902 WEST MANSFIELD AVE #2, SPOKANE, WASHINGTON,

ADDRESS: PO BOX 739
CITY, STATE, ZIP: COLFAX, WASHINGTON 99111
FUNERAL DIRECTOR: CRAIG A. CORBEILL

CAUSE OF DEATH:
A: MULTIPLE BLUNT FORCE INJURIES
    INTERVAL: SECONDS
B: PLANE CRASH
    INTERVAL: SECONDS
C:
    INTERVAL:
D:
    INTERVAL:

OTHER CONDITIONS CONTRIBUTING TO DEATH:

MANNER OF DEATH: ACCIDENT
AUTOPSY: YES
WERE AUTOPSY FINDINGS AVAILABLE TO COMPLETE CAUSE OF DEATH: YES

DATE OF INJURY: JULY 13, 2018
HOUR OF INJURY: 10:21 AM
INJURY AT WORK: NO
PLACE OF INJURY: IN A FIELD

DID TOBACCO USE CONTRIBUTE TO DEATH: NO
PREGNANCY STATUS IF FEMALE: NO RESPONSE

CERTIFIER NAME: LORRIE L. SAMPSON
TITLE: CORONER/ME
CERTIFIER ADDRESS: 215 SOUTH OAK STREET
CITY, STATE, ZIP: COLVILLE, WA 99114
DATE SIGNED: JULY 18, 2018

LOCATION OF INJURY: 5047 BITTRICH ANTLER ROAD

CITY, STATE, ZIP: DEER PARK, WASHINGTON 99006
COUNTY: STEVENS
DESCRIBE HOW INJURY OCCURRED: PLANE CRASHED INTO THE GROUND INTO A FIELD CONNECTED TO THIS RESIDENTIAL ADDRESS.

CASE REFERRED TO ME/CORONER: NO
FILE NUMBER: 18SCC-058
ATTENDING PHYSICIAN: NOT APPLICABLE

IF TRANSPORTATION INJURY, SPECIFY: NOT APPLICABLE

LOCAL DEPUTY REGISTRAR: KELLY LECAIRE
DATE RECEIVED: JULY 19, 2018

NOT VALID IF PHOTOCOPIED OR ALTERED

DOH 422-132 (4/16)

# Affidavit for Correction

This is a legal document. Complete in ink and do not alter.

Mail to: Center for Health Statistics
P.O. Box 47814
Olympia, WA 98504-7814
360-236-4300

## STATE OFFICE USE ONLY

| State File Number | Fee Number | Initials | Date | Affidavit Number |
|---|---|---|---|---|
| | | | | |

### Required information must match current information on record

Record Type: ☐ Birth  ☐ Death  ☐ Marriage  ☐ Dissolution (Divorce)

1. Name on Record:
2. Date of Event:
3. Place of Event:
4. Father/Parent Full Legal Name (Spouse A for Marriage or Dissolution)
5. Mother/Parent Full Birth Name (Spouse B for Marriage or Dissolution)
6. Name of Person Requesting Correction: Relationship to Person on Record: ☐ Self ☐ Parent(s) ☐ Guardian ☐ Funeral Director ☐ Informant ☐ Other (specify) ☐ Hospital
7. Return Mailing Address:

Telephone Number ( )
Email Address

### Use the section below for requesting any changes on the record. The record is incorrect or incomplete as follows:

| The record now shows: | The true fact is: |
|---|---|
| 8. | 9. |
| 10. | 11. |
| 12. | 13. |
| 14. | 15. |

**I declare under penalty of perjury under the laws of the State of Washington that the forgoing is true and correct**

16a. Signature:
16b. Signature of 2nd parent (if required):

Printed name: _____ Date: _____
Printed name: _____ Date: _____

**INSTRUCTIONS** – go to ___ for more information

**Driver's license, Social Security card or hospital decorative birth certificate cannot be used as proof**

Required documentary proof must be submitted with the affidavit and include full name and birth date. Examples of documentary proof include:

- Birth/Marriage/Divorce record
- Military record (DD-214)
- School transcripts
- Social Security Numident Report
- Certificate of Naturalization
- Hospital/medical record
- Passport
- Green/Permanent Resident card (I-551)

### Birth Certificates

1. Only a parent(s), legal guardian (if the child is under 18), or the named individual (if 18 or older) may change the birth certificate.
2. **The proof(s) must match** the asserted fact(s). For example, if the affidavit says the name should be Mary Ann Doe, the proof must show the name to be Mary Ann Doe.
3. Documentary proof must be five or more years old or established within five years of birth.

**Child under 18**
- If legal guardian(s), include certified court order proving guardianship
- Up to age one, last name can be changed once to either parents' name on certificate (can be any combination of the first, middle or last names)*
- After age one, a court order is required to change the last name
- No proof is required to change the first or middle name*
- To correct parent's information, one documentary proof is required
- To correct the sex of the child, one documentary proof from a medical provider is required

**Adult (18 years or older)**
- Only the adult can change his or her birth certificate
- If the first or middle name is missing, three pieces of documentary proof are required
- If the first, middle and/or last name is misspelled or date of birth is incorrect, two pieces of documentary proof are required
- To correct parent's birth date, place of birth, or name, one documentary proof is required

*To change any part of the name of a child, signatures from both parents listed on the certificate are required. If one parent is deceased, submit a death certificate with request.

**This affidavit cannot be used to add a father to a birth certificate (use paternity acknowledgment form DOH 422-032)**

### Death Certificates

1. Only the informant, the funeral director or executors/administrators (if evidence confirming such position is presented) may change the non-medical information. Proof is required to make changes if requested by a family member not listed as the informant on the certificate (family members are spouse or registered domestic partner, parent, sibling or adult child or stepchild). The informant may change marital status with proof. Marital status requires a certified copy of a court order if someone other than the informant is requesting the change.
2. The medical information (cause of death) may be changed only by the certifying physician or the coroner/medical examiner.

### Marriage/Dissolution (Divorce) Certificates

1. Personal facts (minor spelling changes in name, date or place of birth or residence) may be changed by the person with one piece of documentary proof.
2. To change the date or place of marriage or dissolution, the officiant (marriage) or clerk of court (dissolution) must complete and submit the affidavit.

DOH 422-034 October 2015



Certificate not valid unless the Seal of the State of Washington changes color when heat applied



0 1 9 3 8 6 8 2

SUPERIOR COURT OF WASHINGTON FOR __Spokane__ COUNTY

In re the Estate of:
Joochan Lee
Decedent

Plaintiff/Petitioner

No.
DECLARATION OF
EMAILED DOCUMENT
(DCLR)

Defendant/Respondent

Pursuant to the provisions of GR 17, I declare as follows:

1. I am the party who received the foregoing facsimile transmission for filing.
2. My address is: 14717 N Dartford Dr, Spokane, WA 99208
3. My phone number is: (509) 262-8106
4. The email address where I received the document is: sgobble@abclegal.com
5. I have examined the foregoing document, determined that it consists of __6__ pages, including this Declaration page, and that it is complete and legible.

I certify under the penalty of perjury under the laws of the State of Washington that the above is true and correct.

Dated: __8/16/19__, at, 2:00pm

Signature: _____

Print Name: __Skyler Gobble__