WILLIAM C. SCHROEDER
**KSB LITIGATION, P.S.**
221 N. Wall St., Suite 210
Spokane, WA 99201
Telephone: (509)624-8988
Facsimile: (509)474-0358
wcs@ksblit.legal
*Attorneys for Defendant*
*The Moody Bible Institute of Chicago*

## UNITED STATES DISTRICT COURT
## EASTERN DISTRICT OF WASHINGTON

| | |
|---|---|
| YUKI LEE, in her capacity as personal representative of the Estate of her deceased husband, JOOCHAN LEE, individually and Decedent's surviving wife, and in her capacity as Guardian of their minor daughter, A.L. both as beneficiaries and heirs of Decedent's estate, | No. 2:19-cv-00326-SAB<br><br>**AMENDED ANSWER AND AFFIRMATIVE DEFENSES**<br><br>**AND**<br><br>**JURY DEMAND** |
| Plaintiffs, | |
| vs. | |
| THE MOODY BIBLE INSTITUTE OF CHICAGO, and Illinois corporation, | |
| Defendant. | |

Defendant, THE MOODY BIBLE INSTITUTE OF CHICAGO ("Moody Bible"), by and through its attorneys, and for its Answer and Affirmative Defenses to Plaintiffs' Complaint for Wrongful Death, states:

# I. NATURE OF ACTION

1.1     Plaintiff Yuki Lee ("Lee") seeks recovery of damages for personal injuries and wrongful death of her Decedent, Joochan Lee ("Joochan") who was killed in an air crash while a student on board a training flight conducted by Defendant The Moody Bible Institute of Chicago's missionary aviation school. The air crash occurred on July 13, 2019, near Deer Park, Washington.

**ANSWER:** Moody Bible admits Plaintiff Lee seeks recovery of damages for alleged personal injuries and wrongful death of her Decedent, Joochan, who was killed in an air crash that occurred on July 13, 2019, near Deer Park, Washington. Moody Bible denies the remaining allegations contained in Paragraph 1.1 not specifically admitted herein.

# II. PARTIES

2.1     Plaintiff Yuki Lee is Joochan's surviving widow, the natural custodial mother, and legal guardian of their minor daughter, A.L.  She is an adult over 18 years old.  At the time of the collision, she was pregnant carrying her minor daughter A.L. who is, at the time of filing this complaint, 6 months old.  Plaintiff Lee is also the duly appointed Personal Representative of the Estate of Decedent Joochan Lee filed under Spokane County Superior Court cause of action #19401268-32.

**ANSWER:** Moody Bible admits Plaintiff Lee is Joochan's surviving widow, the natural custodial mother, and legal guardian of their minor daughter, A.L. Moody Bible admits Plaintiff Lee is the duly appointed Personal Representative of the Estate of Decedent Joochan Lee filed under Spokane County Superior Court cause of action #19401268-32. Moody Bible has insufficient information to admit or deny the remaining allegations in Paragraph 2.1, and therefore denies them.

2.2    Defendant Moody is present and doing business in Spokane, Washington. It maintains its headquarters in Chicago, Illinois. Moody is and has been an Illinois corporation, registered with the Secretaries of State in Washington and Illinois. Moody owns and operates a Missionary Aviation College in Spokane, Washington, which offers a degree in "Missionary Aviation Technology."

**ANSWER:** Moody Bible admits it is present and doing business in Spokane, Washington. Moody Bible admits it maintains its headquarters in Chicago, Illinois. Moody Bible admits it is an Illinois not-for-profit corporation registered with the Secretaries of State in Washington and Illinois. Moody Bible denies it owns and operates a "Missionary Aviation College" in Spokane Washington. Moody Bible admits it offers a Bachelor of Science degree in Missionary Aviation Technology. Moody Bible's Missionary Aviation Technology degree

is offered through Moody Bible's Moody Aviation academic division. The Moody Aviation academic division has a location in Spokane, Washington.

## III. JURISDICTION & VENUE

3.1    The flight departed Felts Field airport within the city limits of Spokane in Spokane County. The air crash occurred near the unincorporated community of Clayton in Stevens County, Washington. Defendant Moody is present and doing business in Spokane County. Joochan's estate is filed and pending in Spokane County Superior Court.

**ANSWER:**Moody Bible admits the flight departed Felts Field Airport in Spokane, Washington. Moody Bible admits it is present and doing business in Spokane County. Moody Bible admits Joochan's estate is filed and pending in Spokane County Superior Court. Moody Bible denies the remaining allegations contained in Paragraph 3.1 not specifically admitted herein.

3.2    This Court has subject matter jurisdiction in this action pursuant to WA Const. Art. 4 §6. Venue is proper in this court under RCWA 4.12.et seq.

**ANSWER:**Moody Bible denies the allegations contained in Paragraph 3.2 as the allegations pertain to The Superior Court of the State of Washington, rather than the United States District Court for the Eastern District of Washington, which has original subject matter jurisdiction of this action.

## IV. FACTS

4.1    Joochan was enrolled as a student in Moody's Aviation College, seeking a degree in Aviation Technology as a pilot. He planned to first become a missionary pilot and then engage in a career as a commercial pilot.

**ANSWER:**Moody Bible admits Joochan was enrolled as a student in Moody Bible's aviation program seeking a Bachelor of Science degree in Missionary Aviation Technology. Moody Bible has insufficient information to admit or deny the remaining allegations in Paragraph 4.1, and therefore denies them.

4.2    On July 13, 2018, Joochan was taking his first flight training lesson. He had never before flown an aircraft. He was seated in the left front seat of the aircraft a Cessna 17R "Skyhawk," manufactured in year 2000 with registration #N24442. The plane was exclusively owned and operated by Moody.

**ANSWER:**Moody Bible denies Joochan was taking his first flight training lesson on July 13, 2018. Moody Bible has insufficient information to admit or deny whether Joochan had never before flown an aircraft, and therefore denies such allegation. Moody Bible denies the aircraft was a Cessna 17R "Skyhawk." Moody Bible admits the aircraft was manufactured in 2000 with registration #N24442. Moody Bible admits it exclusively owned and operated the subject aircraft. Moody Bible has insufficient information to admit or deny the remaining allegations in Paragraph 4.2, and therefore denies them.

4.3     The plane and flight were under the command and control of Diego Senn, a Moody Certified Flight Instructors (CFI). Mr. Senn had received his CFI license 6 months before on January 14, 2018. Andrew Trouten, a fellow student at Moody, was seated in a back seat as merely a voluntary passenger/observer.

**ANSWER:**Moody Bible admits the plane and flight were under the command of Diego Senn, a Certified Flight Instructor (CFI). The allegation that the plane and flight were under the control of Diego Senn is a legal conclusion for which no answer is required, but if the Court deems that such an answer is required, Moody Bible denies such allegation. Moody Bible denies Mr. Senn received his CFI license 6 months before on January 14, 2018. Moody Bible has insufficient information to admit or deny the remaining allegations in Paragraph 4.3, and therefore denies them.

4.4     The flight departed Felts Field Airport in Spokane, Washington at approximately 9:55 a.m. on July 13, 2018. Weather was clear with 10 miles of visibility. Temperature was 28 C / 82.4 F. Wind was a mild 4 knots at 110° SE.

**ANSWER:**Moody Bible admits the allegations contained in Paragraph 4.4.

4.5     Following departure, the CFI communicated with the Spokane Terminal Radar Approach Control (GEG TRACON) and proceeded to the

Clayton practice area near Dear Park, Washington, approximately 15 miles northwest of the Felts Field airport.

**ANSWER:** Moody Bible admits the allegations contained in Paragraph 4.5.

4.6     A review of track data indicated that at 10:10 a.m., after entering the Clayton practice area located a few miles west of Deer Park, the airplane began a gradual 90° left-turn and continued in a southwestern direction. The airplane continued in a gradual climb to about 7,000 ft mean sea level (msl) and then made a 180° right turn. The flight track remained on a northeastern heading until about 10:18 a.m., at which point the airplane made another 180° turn to the heading of 208°. The airplane proceeded about 2.5 miles varying in altitude between from about 7,000 to 7,450 ft msl. At 10:20:53 the track data indicated the airplane was at an altitude of 7,000 ft msl with an estimated ground speed of 77 knots.

**ANSWER:** Moody Bible has insufficient information to admit or deny the allegations in Paragraph 4.6, as the NTSB investigation is ongoing, and therefore denies them.

4.7     From that point, the plane made a sharp 90° right-turn and continued on a 305° heading for about 3,020 ft for 20 seconds. The plane then made another sharp 90° right-turn and after about 880 ft and the last recorded track

data at 10:21:18 indicated an estimated ground speed of 117 knots. The accident site was about 740 ft southwest of the last recorded track data.

**ANSWER:** Moody Bible has insufficient information to admit or deny the allegations in Paragraph 4.7, as the NTSB investigation is ongoing, and therefore denies them.

4.8    Witnesses reported that they observed the airplane in a steep dive toward terrain when the wings broke off from the plane. All three people onboard, trapped in a wingless fuselage and unable to maneuver, plummeted to their deaths upon impact with the terrain below.

**ANSWER:** Moody Bible admits witnesses reported that they observed the airplane in a steep dive toward terrain when the wings broke off from the plane. Moody Bible denies the remaining allegations contained in Paragraph 4.8 not specifically admitted herein.

4.9    About 11:10 another Moody CFI, waiting for the airplane back at Felts Field for the next scheduled training flight, tried to communicate with CFI Senn on the radio and on a cell phone. He then contacted personnel at GEG TRACON who confirmed the subject airplane had disappeared from radar about 10:21.

**ANSWER:** Moody Bible admits the allegations contained in Paragraph 4.9.

4.10    The accident site was in a grass field of rural farmland near Deer Park, about 20 nautical miles northwest of Felts Field. In character, while there were some densely populated stands of trees, there were ample open fields where a successful forced emergency landing could have been accomplished. The elevation of the open field where the wreckage was found is 2,265 ft msl.

**ANSWER:**Moody Bible admits the accident site was in a grass field of rural farmland near Deer Park, about 20 nautical miles northwest of Felts Field and the elevation of the open field where the wreckage was found was 2,265 ft msl. Moody Bible denies the remaining allegations contained in Paragraph 4.10 not specifically admitted herein.

4.11    The wreckage was distributed over 400 ft distance on a median magnetic bearing of about 030°. The outboard sections of both right and left wings were at the beginning of the debris field about 330 and 190 ft from the main wreckage, respectively (see NTSB figure below). The debris between the outboard wing sections and the main wreckage consisted of left-wing pieces. All control surfaces and their mass balance weights were accounted for in the debris field.

**ANSWER:**Moody Bible admits the allegations contained in Paragraph 4.11.

## V. RESPONDEAT SUPERIOR

5.1    All acts and/or omissions by Defendant Moody were performed or omitted by authorized agents acting within the scope of their agency. Thus, under the doctrine of Respondeat Superior, Moody is vicariously liable for all their acts and/or omissions.

**ANSWER:** The allegations contained in Paragraph 5.1 are legal conclusions to which no response is required. In the event a response is deemed required, Moody Bible admits only those duties imposed by applicable law and denies the remaining allegations contained in Paragraph 5.1.

## VI. FIRST CAUSE OF ACTION

### NEGLIGENCE

6.1    All above paragraphs are incorporated herein as though fully set forth.

**ANSWER:** Moody Bible incorporates its responses to all previous paragraphs (1.1 – 5.1) as if set forth fully here.

6.2    Based upon information and belief, Plaintiff Lee further alleges that Defendant Moody negligently failed to provide Joochan with a safe and airworthy aircraft. Moody failed to service, maintain, and upgrade the plane according to the manufacturer's instructions and the several Federal Aviation

Administration (FAA) airworthiness directives. As a result, the plane lost engine power and could not be restarted while performing routine maneuvers.

**ANSWER:**Moody Bible denies the allegations contained in Paragraph 6.2.

6.3    Defendant Moody's CFI failed to manage the plane's engine inflight, causing it to cease running.

**ANSWER:**Moody Bible denies the allegations contained in Paragraph 6.3.

6.4    Defendant Moody's CFI failed to restart the engine by not following the manufacturer's "Engine Failure During Flight (Restart Procedures)" checklist as follows:

ENGINE FAILURE DURING FLIGHT (Restart Procedures)

1.    Airspeed - 65 KIAS (best glide speed)

2.    FUEL SHUTOFF Valve - ON (push full in)

3.    FUEL SELECTOR Valve - BOTH

4.    FUEL PUMP Switch - ON

5.    Mixture Control - RICH (if restart has not occurred)

6.    MAGNETOS Switch - BOTH (or START if propeller is stopped)

NOTE

If the propeller is wind milling, engine will restart automatically within a few seconds.  If propeller has stopped (possible at low speed), turn MAGNETOS

swift to START, advance throttle slowly from idle and lean the mixture from full rich as required to obtain smooth operation.

      7.    FUEL PUMP Switch – OFF

<div align="center">NOTE</div>

If the indicated fuel flow (FFLOW GPH) immediately drops to zero, a sign of failure of the engine-driven duel pump, return the FUEL PUMP switch to the ON position.

**ANSWER:**Moody Bible denies the allegations contained in Paragraph 6.4.

      6.5    Moody's CFI failed to glide the plane into landing in any of the suitable open fields available on the ground below. He failed to follow the proper "Emergency Landing Without Power Check List:"

<div align="center">EMERGENCY LANDING WITHOUT ENGINE POWER</div>

1. Pilot and Passenger Seat Backs - MOST UPRIGHT POSITION

2. Seats and Seat Belts - SECURE

3. Airspeed - 65 KIAS - Flaps UP - 60 KIAS - Flaps 10° - FULL

4. Mixture Control - IDLE CUTOFF (pull full out)

5. FUEL SHUTOFF Valve - OFF (pull full out)

6. MAGNETOS Switch - OFF

7. Wing Flaps - AS REQUIRED (FULL recommended)

8. STBY BATT Switch - OFF

9. MASTER Switch (ALT and BAT) - OFF (when landing is assured)

10. Doors - UNLATCH PRIOR TO TOUCHDOWN

11. Touchdown - SLIGHTLY TAIL LOW

12. Brakes - APPLY HEAVILY

**ANSWER:**Moody Bible denies the allegations contained in Paragraph 6.5.

6.6    Defendant Moody was negligent in other ways as discovery may reveal. Plaintiffs request reservation of the right to amend this complaint to add any further acts of negligence discovered.

**ANSWER:**Moody Bible denies the allegations contained in Paragraph 6.6.

6.7    Defendant Moody was negligent in that it did not maintain, upgrade, and operate the plane in the manner a reasonably prudent flight school ought to have done.

**ANSWER:**Moody Bible denies the allegations contained in Paragraph 6.7.

6.8    Defendant Moody's negligence was the proximate of Joochan's death and all of plaintiffs' damages.

**ANSWER:**Moody Bible denies the allegations contained in Paragraph 6.8.

## VII. SECOND CAUSE OF ACTION

### *RES IPSA LOQUITUR*

7.1    In the alternative, Plaintiff Lee further alleges the doctrine of Res Ipsa Locquitur in that the precise acts of negligence by Defendant Moody's

agents are currently unknown to Lee. However, an accident of this type obviously does not normally occur without negligence; the aircraft was undeniably under Moody's exclusive control for inspection, maintenance and upgrades prior to the flight and its operation during the flight by Moody's CFI; and, the accident was not caused by any voluntary action or contribution on Joochan's part.

**ANSWER:** Moody Bible denies the allegations contained in Paragraph 7.1.

7.2 Defendant Moody's negligent acts and/or omissions were the proximate cause of the death of Joochan and all of Plaintiffs' damages.

**ANSWER:** Moody Bible denies the allegations contained in Paragraph 7.2.

## VIII. DAMAGES

8.1 As a direct and proximate result of Moody's negligence, Joochan suffered pre-death fright, terror, pain and other suffering, the extent of which will be proven at trial.

**ANSWER:** Moody Bible denies the allegations contained in Paragraph 8.1.

8.2 Joochan's estate suffered damages including, but not limited to, loss of net accumulations of income-both past and future, funeral expenses, medical expenses, and premature estate taxes.

**ANSWER:** Moody Bible denies the allegations contained in Paragraph 8.2.

8.3    Plaintiff Lee and her minor daughter A.L. suffered past and future special damages including, but not limited to, loss of support, services, inheritance, guidance, advice, and counseling they would have received from their husband and father had he been allowed to live a full life.

**ANSWER:** Moody Bible denies the allegations contained in Paragraph 8.3.

8.4    Plaintiff Lee and her minor daughter A.L. have further sustained general damages including, but not limited to, extreme mental anguish, grief and sorrow, and the loss of their husband and father's love and affection, consortium, nurture, society companionship and the destruction of the parent-child relationship.

**ANSWER:** Moody Bible denies the allegations contained in Paragraph 8.4.

8.5    Plaintiff Lee and her minor daughter have sustained further damages to be proven at trial.

**ANSWER:** Moody Bible denies the allegations contained in Paragraph 8.5.

## GENERAL DENIAL

Moody Bible denies all allegations of Plaintiffs' Complaint that are not specifically admitted above.

WHEREFORE, Defendant, THE MOODY BIBLE INSTIUTE OF CHICAGO, respectfully requests that this Honorable Court dismiss this action

with prejudice and award Defendant the costs it has incurred in the defense of this matter, and for any other relief that this Court deems just and equitable.

## SEPARATE AND/OR AFFIRMATIVE DEFENSES

BY WAY OF FURTHER ANSWER to Plaintiffs' Complaint, and as AFFIRMATIVE DEFENSES thereto, The Moody Bible Institute of Chicago ("Moody Bible") alleges as follows:

1.     Plaintiffs have failed to state a claim against Moody Bible upon which can relief can be granted;

2.     Plaintiffs' claims are barred because their injuries and damages were proximately caused by negligent acts or omissions of third persons over whom Moody Bible exercised no control and for whose conduct Moody Bible bears no responsibility. Said acts or omissions intervened between the acts and omissions of Moody Bible, if any, and the occurrence of the accident, and were the sole, direct, and proximate cause of Plaintiffs' damages, if any;

3.     To the extent established by the evidence, Plaintiffs' damages, if any, were caused by an Act of God over which Moody Bible had no control;

4.     To the extent established by the evidence, Plaintiffs' damages, if any, were the result of Plaintiffs' decedent's sole and/or comparative negligence;

5.    To the extent established by the evidence, Plaintiffs have failed to mitigate their damages, if any;

6.    Plaintiffs' decedent assumed the risk of participating in flight activities, covenanted not to sue, and expressly waived liability as to Moody Bible and its respective employees;

7.    Plaintiffs' claims may be barred, in whole or in part, to the extent Plaintiffs have failed to join indispensable parties necessary to this action;

8.    Moody Bible is entitled to an offset for all amounts paid by any non-party as a consequence of the events alleged by Plaintiffs in their Complaint at Law; and,

9.    Moody Bible reserves the right to amend its Answer so as to allege additional Affirmative Defenses as further discovery is completed.

## JURY DEMAND

The Moody Bible Institute of Chicago requests a trial by jury and hereby demands the same, consistent with Fed. R. Civ. P. 38.

Wherefore, having fully answered Plaintiffs' Complaint for Wrongful Death, the answering Defendant prays as follows:

1.    That Plaintiffs' action be dismissed with prejudice;

2.    For costs and disbursements incurred herein;

3.    For attorney's fees as allowed by law; and

1

    4.    For such other and further relief as the Court deems just and

2

equitable.

3

    DATED this 4th day of October 2019.

4

5

                    KSB LITIGATION, P.S.

6

7            By:  s/ William C. Schroeder
                  William C. Schroeder, WSBA #41986

8                 221 N. Wall Street, Suite 210
                  Spokane, WA  99201

9                 Telephone: (509) 624-8988
                  Facsimile: (509) 474-0358

10                Attorneys for Defendant

11

12

             Michael G. McQuillen

13           (SEEKING ADMISSION PRO HAC VICE)
             Christopher J. Raistrick

14           (SEEKING ADMISSION PRO HAC VICE)
             Nicholas J. Ajello

15           (SEEKING ADMISSION PRO HAC VICE)

16           ADLER MURPHY & McQUILLEN LLP
             20 South Clark Street, Suite 2500

17           Chicago, Illinois 60603

18           Phone: (312) 345-0700
             Fax: (312) 345-9860

19

20           Email: mmcquillen@AMM-LAW.com
                    craistrick@AMM-LAW.com

21                  najello@AMM-LAW.com

22

23

24

25

26

27

28
     AMENDED ANSWER AND AFFIRMATIVE
     DEFENSES AND JURY DEMAND - 18

1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28

## CERTIFICATE OF SERVICE

I hereby certify that on this 4th day of October, 2019, I electronically filed the foregoing with the Clerk of the Court using the CM/ECF System which will send notification of such filing to all parties and counsel which are filing users (LR 5.1(b)), and that I have mailed by United States Postal Service this document to the following non CM/ECF participants:

*No manual recipients*

<div style="margin-left: 40%;">

s/ *William C. Schroeder*
William C. Schroeder
KSB Litigation, P.S.
221 N. Wall St., Ste. 210
Spokane, WA 99201
Telephone: (509) 624-8988
wcs@ksblit.legal
Attorneys for Defendant Moody
Bible Institute of Chicago

</div>