FILED IN THE
U.S. DISTRICT COURT
EASTERN DISTRICT OF WASHINGTON

Apr 18, 2022

SEAN F. McAVOY, CLERK

UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF WASHINGTON

| | |
|---|---|
| YUKI LEE, in her capacity as personal representative of the Estate of her deceased husband, JOOCHAN LEE, individually and Decedent's surviving wife, and in her capacity as Guardian of their minor daughter, A.L. both as beneficiaries and heirs of Decedent's estate,<br><br>Plaintiffs,<br><br>v.<br><br>THE MOODY BIBLE INSTITUTE OF CHICAGO, an Illinois corporation,<br><br>Defendant. | No. 2:19-CV-00326-SAB<br><br>**ORDER DENYING DEFENDANT'S MOTION FOR SUMMARY JUDGMENT** |

Before the Court is Defendant's Motion for Summary Judgment, ECF No. 36. The motion was considered without oral argument. Plaintiffs are represented by Anthony Marsh and Charles Herrmann. Defendant is represented by Christopher Raistrick, Michael McQuillen, Nicholas Ajello, and William Schroeder.

Having reviewed the briefing and the caselaw, the Court denies Defendant's motion.

//

**ORDER DENYING DEFENDANT'S MOTION FOR SUMMARY JUDGMENT** # 1

## Background

Unless otherwise noted, the following facts are drawn from the parties' respective Statements of Facts, ECF Nos. 37, 42, and the declarations submitted in support of the Motion for Summary Judgment, ECF Nos. 38, 40, 41.

Plaintiff Yuki Lee is the widow of Joochan ("Austen") Lee. Mr. Lee was an enrolled student at Defendant Moody Lee Bible Institute of Chicago. Specifically, Mr. Lee was enrolled in Defendant's aviation program in Spokane, seeking a degree in Aviation Technology as a pilot. In advertising its aviation program, Defendant stated that graduates would be prepared to "serve as a missionary and an aviator anywhere," which included receiving a commercial pilot certificate at the end of the program.[1]

On July 13, 2018, Mr. Lee and another individual were students on an instructional flight piloted by one of Defendant's flight instructors—both Mr. Lee and the other student were passengers on the plane. However, the plane struck a bird, specifically an American White Pelican, and crashed near Deer Park, Washington, fatally killing both the pilot and the student passengers.

On August 29, 2019, Ms. Lee and her minor daughter, A.L.—both on behalf of Mr. Lee's estate, but also as beneficiaries and heirs to Ms. Lee's estate—filed a Complaint against Defendant in Spokane County Superior Court, alleging claims for negligence and *res ipsa loquitur*. ECF No. 2.[2] Defendant removed the action to federal court based on diversity jurisdiction on September 24, 2019. ECF No. 1.

---

[1] https://www.moody.edu/academics/programs/missionary-aviation-flight/

[2] In the briefing regarding Defendant's motion, both parties refer to Plaintiffs' claims for wrongful death. ECF No. 36 at 3 ("On August 29, 2019, Plaintiffs filed a Complaint for Wrongful Death against Moody Bible."); ECF No. 39 at 2 ("[D]ecedent's purported exculpatory agreement is not effective against his wife

**ORDER DENYING DEFENDANT'S MOTION FOR SUMMARY JUDGMENT** # 2

Defendant filed the present Motion for Summary Judgment on January 10, 2022. ECF No. 36. Trial in this matter is currently set for January 5, 2023. ECF No. 31.

## Legal Standard

Summary judgment is appropriate "if the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(a). There is no genuine issue for trial unless there is sufficient evidence favoring the non-moving party for a jury to return a verdict in that party's favor. *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 250 (1986). The moving party has the initial burden of showing the absence of a genuine issue of fact for trial. *Celotex Corp. v. Catrett*, 477 U.S. 317, 325 (1986). If the moving party meets its initial burden, the non-moving party must go beyond the pleadings and "set forth specific facts showing that there is a genuine issue for trial." *Anderson*, 477 U.S. at 248.

In addition to showing there are no questions of material fact, the moving party must also show it is entitled to judgment as a matter of law. *Smith v. Univ. of Wash. Law Sch.*, 233 F.3d 1188, 1193 (9th Cir. 2000). The moving party is entitled to judgment as a matter of law when the non-moving party fails to make a sufficient showing on an essential element of a claim on which the non-moving party has the burden of proof. *Celotex*, 477 U.S. at 323. The non-moving party cannot rely on conclusory allegations alone to create an issue of material fact. *Hansen v. United States*, 7 F.3d 137, 138 (9th Cir. 1993).

When considering a motion for summary judgment, a court may neither weigh the evidence nor assess credibility; instead, "the evidence of the non-movant

and daughter's independent claims for wrongful death."). However, the Court notes that Plaintiffs' Complaint does not allege a claim for wrongful death.

**ORDER DENYING DEFENDANT'S MOTION FOR SUMMARY JUDGMENT** # 3

is to be believed, and all justifiable inferences are to be drawn in his favor." *Anderson*, 477 U.S. at 255.

## Discussion

Defendant argues that Plaintiffs' negligence claims are barred because Mr. Lee expressly agreed to release/waive any claims from him, his family, and/or his estate and heirs related to injury or death. Specifically, Defendant states that Mr. Lee signed the Moddy Aviation Flight and/or Maintenance Activities Covenant Not to Sue, Liability Release and Assumption of Risk Agreement ("Moody Aviation Release"), which states:

> I, the undersigned, hereby affirm that I am aware that flying and maintenance activities associated with them have inherent and unforeseeable risks which may result in serious injury or death. **I understand and agree that** Moody Aviation instructors, Moody Aviation and the **Moody Bible Institute**, and their respective employees, officers, agents, volunteers, contractors, or assigns, and other Moody Aviation student pilots or trainees (hereinafter referred to as "Released Parties") **shall NOT be held liable or responsible in any way for any injury, death or other damages by me, my family, estate, heirs or assigns that may occur as a result of or related to my participation in** flying aircraft, flying in aircraft, **flight instruction**, aircraft rental, aircraft operations, ramp operations, maintenance or shop activities, use of hand or power tools or any associated activities involved with these activities (hereinafter referred to as "Aircraft Activities") or as a result of the negligence of any party, including the Released Parties, whether passive or active, direct or indirect.

ECF No. 37, Exhibit B (emphasis added).

Defendant argues that, under the Washington State Supreme Court's decision in *Wagenblast v. Odessa Sch. Dist.*, 110 Wash. 2d 845 (1988), the Moody Aviation Release is enforceable and does not violate public policy. Defendant also argues that its alleged negligent acts did not rise to the level of gross negligence, which would fall outside the scope of a contractual release of liability. Therefore,

**ORDER DENYING DEFENDANT'S MOTION FOR SUMMARY JUDGMENT** # 4

Defendant argues that the Court should enforce the exculpatory clause in the Moody Aviation Release and dismiss Plaintiffs' negligence claims.

Plaintiffs in response argue that the Moody Aviation Release cannot and should not be enforced. First, Plaintiffs argue that, under the *Wagenblast* factors, the Moody Aviation Release violates public policy. Second, Plaintiffs argue that a bird strike cannot be considered an inherent danger covered by an exculpatory agreement, especially because Defendant deliberately enhanced this danger by (1) positioning flight lessons over an area where American White Pelicans were known to fly at high altitudes; (2) conducting the flight lesson in July, when the number of pelicans is seasonally high; and (3) failing to choose a relatively safer alternative area. Finally, Plaintiffs argue that, even if the Moody Aviation Release does bar claims from Mr. Lee's estate, it is ineffective as to Ms. Lee's and A.L.'s claims because they did not sign the exculpatory agreement nor did they authorize Mr. Lee to sign on their behalf.

In reply, Defendant once again argues that the Moody Aviation Release is enforceable because Plaintiffs cannot establish any of the *Wagenblast* factors. Defendant also acknowledges Plaintiffs' argument that the Moody Aviation Release did not waive Plaintiffs' statutory rights to assert wrongful death claims. However, Defendant instead argues that, because the Moody Aviation Release was a valid exculpatory agreement, this means that Defendant did not commit a tort in the first place and thus did not breach any duty owed to Plaintiffs.

1. <u>Whether the Moody Aviation Release violates public policy</u>

The Washington State Supreme Court set out the following factors to determine when an exculpatory agreement violates public policy: (1) if the exculpatory agreement concerns a business of a type generally thought suitable for public regulation; (2) if the party seeking exculpation is performing a service of great importance to the public, which is often a matter of practical necessity for some members of the public; (3) the party seeking exculpation represents that it is

**ORDER DENYING DEFENDANT'S MOTION FOR SUMMARY JUDGMENT** # 5

willing to perform the service for any member of the public who seeks it, or at least for any member within certain established standards; (4) the party seeking exculpation has a decisive economic advantage in bargaining strength relative to the members of the public seeking the services; (5) the party uses that economic advantage to the purchaser of the services to an adhesion contract and does not allow the purchaser to pay for additional protection against negligence; and (6) as a result of the transaction, the purchaser is placed under the control of the party seeking exculpation and is subject to the risk of carelessness by the party or its agents. *Wagenblast*, 110 Wash. 2d at 851-52. The more of these characteristics that an exculpatory agreement has, the more likely that the agreement will be declared invalid on public policy grounds. *Id.* at 852.

      The *Wagenblast* court also stated that Washington courts generally do not allow exculpatory agreements when the defendant is, *inter alia*, a common carrier. Though no Washington court has addressed the issue, courts across multiple other states and districts have found that a flight school that teaches students how to operate aircraft to carry other passengers owes its students the duty of a common carrier. *See Furumizo v. United States*, 245 F. Supp. 981, 990 (D. Haw. 1965), *aff'd*, 381 F.2d 965 (9th Cir. 1967) ("The Court's ultimate ruling in this case may be summed up thus: [Defendant] had the duty, equal to the highest duty a commercial airline owes to its passengers, of care in furnishing instruction to [Plaintiff[, the student pilot who had not yet soloed."); *Lunsford v. Tucson Aviation Corp.*, 73 Ariz. 277, 279-80 (1952) ("The defendants for the purpose of this appeal concede that a training school owes to its students the same standard of care as is owed by a common carrier by air towards its passengers . . . . it is the duty of a common carrier by aircraft to exercise with respect to passengers *the highest degree of care consistent with the practical operation of the plane*."); *Kasanof v. Embry-Riddle Co.*, 157 Fla. 677, 681–83 (1946) ("The degree of care owing to the deceased student by the defendant is . . . the duty of a common carrier by aircraft to

**ORDER DENYING DEFENDANT'S MOTION FOR SUMMARY JUDGMENT** # 6

exercise with respect to passengers the highest degree of care consistent with the practical operation of the plane."); *Lange v. Nelson-Ryan Flight Serv., Inc.*, 259 Minn. 460, 465 (1961) ("Although a trainee, whether or not fully licensed, is responsible for his own negligence when flying solo, when flying with a flight instructor or a trainee is a passenger, [] the responsibility of the flying school to him is measured by the legal standard of a carrier.").

Here, the Court agrees with the reasoning from these other courts and concludes that Defendant owed a duty to its students akin to that of a common carrier. Thus, the Court finds that, under *Wagenblast*, the Moody Aviation Release violates public policy.

Defendant attempts to argue that the Moody Aviation Release does not violate public policy by equating students enrolled in its aviation program to "adults engaged in potentially hazardous activities," such as mountain climbing, scuba diving, skiing, long-distance relaying racing, or motorcycle training. ECF No. 36 at 8, 10. Defendant also argues that "flight training, particularly through a private university, is not an essential public service." *Id.* at 11. The Court rejects these arguments. The promotional materials for Defendant's aviation program specifically state that graduates of the program shall "have the technical expertise to transport missionaries, and provide medical and relief support in a cross cultural setting," as well receive a commercial pilot certificate at the end of the program. ECF No. 41-3.

Defendant's aviation program also contrasts with the Illinois case *Evans v. Lima Lima Flight Team, Inc.*, which Defendant cites for the proposition that a court has enforced an exculpatory clause when a pilot was killed during training exercises. ECF No. 36 at 8 n.1. But *Evans* involved a pilot who was killed during a practice session with a "formation flight team," which "performed for air shows throughout the country in restored, World War II era aircraft." 373 Ill. App. 3d 407, 409 (2007).

**ORDER DENYING DEFENDANT'S MOTION FOR SUMMARY JUDGMENT** # 7


Training pilots to provide medical and personnel relief to mission sites and providing its students the qualifications necessary to operate a commercial airplane are decidedly more of an "essential public service" than participating in voluntary and potentially hazardous recreational activities, including piloting a World War II era aircraft for air shows. Thus, the Court finds that the Moody Aviation Release is unenforceable as against public policy and denies Defendant's motion.

Accordingly, **IT IS HEREBY ORDERED:**

1. Defendant's Motion for Summary Judgment, ECF No. 36, is **DENIED**.

**IT IS SO ORDERED.** The District Court Clerk is hereby directed to file this Order and provide copies to counsel.

**DATED** this 18th day of April 2022.



Stanley A. Bastian
Chief United States District Judge

**ORDER DENYING DEFENDANT'S MOTION FOR SUMMARY JUDGMENT # 8**