FILED IN THE
U.S. DISTRICT COURT
EASTERN DISTRICT OF WASHINGTON

Jun 21, 2022

SEAN F. McAVOY, CLERK

UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF WASHINGTON

| | |
|---|---|
| YUKI LEE, in her capacity as personal representative of the Estate of her deceased husband, JOOCHAN LEE, individually and Decedent's surviving wife, and in her capacity as Guardian of their minor daughter, A.L. both as beneficiaries and heirs of Decedent's estate,<br><br>      Plaintiffs,<br><br>      v.<br><br>THE MOODY BIBLE INSTITUTE OF CHICAGO, an Illinois corporation,<br><br>      Defendant. | No. 2:19-CV-00326-SAB<br><br>**ORDER DENYING DEFENDANT'S MOTION FOR RECONSIDERATION; DENYING PLAINTIFFS' MOTION TO AMEND COMPLAINT** |

Before the Court are Defendant's Motion for Reconsideration, ECF No. 48, and Plaintiffs' Motion for Leave to File First Amended Complaint, ECF No. 49. The motions were considered without oral argument.

## Background

The facts and procedural history of this case are not particularly relevant to the current motion and the parties are familiar with the background with the case. Thus, they are only briefly summarized here.

**ORDER DENYING DEFENDANT'S MOTION FOR RECONSIDERATION; DENYING PLAINTIFFS' MOTION TO AMEND COMPLAINT # 1**

Plaintiff Yuki Lee is the widow of Joochan ("Austen") Lee. Mr. Lee was an enrolled student in Defendant's aviation program in Spokane, seeking a degree in Aviation Technology as a pilot. On July 13, 2018, Mr. Lee was killed during one of Defendant's training flights when the plane struck a bird and crashed.

On August 29, 2019, Ms. Lee and her minor daughter, A.L.—both on behalf of Mr. Lee's estate, but also as beneficiaries and heirs to Ms. Lee's estate—filed a Complaint against Defendant in Spokane County Superior Court, alleging claims for negligence and *res ipsa loquitur*. ECF No. 2. Defendant removed the action to federal court based on diversity jurisdiction on September 24, 2019. ECF No. 1.

Defendant filed its Motion for Summary Judgment on January 10, 2022. ECF No. 36. The Court issued an Order Denying Defendant's Motion for Summary Judgment on April 18, 2022. ECF No. 47.

Defendant filed its Motion for Reconsideration on May 16, 2022. ECF No. 48. Plaintiffs filed their Motion for Leave to File First Amended Complaint on May 25, 2022. ECF No. 49.

## Defendant's Motion for Reconsideration

Defendant requests reconsideration of the Court's Order Denying Defendant's Motion for Summary Judgment, ECF No. 47. Defendant argues that the Court's Order committed clear error by finding that Defendant owed Mr. Lee a duty akin to that of a common carrier and that the Moody Aviation Agreement was void as against public policy.

Reconsideration is an "extraordinary remedy, to be used sparingly in the interests of finality and conservation of judicial resources." *Kona Enterprises, Inc. v. Estate of Bishop*, 229 F.3d 877, 890 (9th Cir. 2000). A motion for reconsideration may be reviewed under either Federal Rule of Civil Procedure 59(e) (motion to alter or amend a judgment) or 60(b) (relief from judgment). *Sch. Dist. No. 1J v. ACandS, Inc.*, 5 F.3d 1255, 1262 (9th Cir. 1993). "A district court may properly reconsider its decision if it '(1) is presented with newly discovered

**ORDER DENYING DEFENDANT'S MOTION FOR RECONSIDERATION; DENYING PLAINTIFFS' MOTION TO AMEND COMPLAINT # 2**

evidence, (2) committed clear error or the initial decision was manifestly unjust, or (3) if there is an intervening change in controlling law.'" *Smith v. Clark Cnty. Sch. Dist.*, 727 F.3d 950, 955 (9th Cir. 2013) (quoting *Sch. Dist. No. 1J*, 5 F.3d at 1263). "There may also be other, highly unusual, circumstances warranting reconsideration." *Sch. Dist. No. 1J*, 5 F.3d at 1263. Whether to grant a motion for reconsideration is within the sound discretion of the court. *Navajo Nation v. Confederated Tribes and Bands of the Yakima Nation*, 331 F.3d 1041, 1046 (9th Cir. 2003).

The Court denies Defendant's motion. Defendant has not presented newly discovered evidence or an intervening change in the controlling law. Defendant has also not shown that the Court committed clear error or that the initial decision was manifestly unjust.

### Plaintiffs' Motion for Leave to File First Amended Complaint

Plaintiffs request that the Court grant them leave to amend their Complaint so they can add a claim for gross negligence. Defendant objects to Plaintiff's request to amend because they argue that the addition of the gross negligence claim is "baseless," "unfounded," and unsupported by deposition testimony and factual discovery. Additionally, Defendant argues that the addition of the gross negligence claim, nearly three years into the litigation, is unfairly prejudicial.

The primary basis for Plaintiffs' motion is that their "proposed amendment conforms to significant new evidence regarding a birdstrike as revealed in the NTSB report." ECF No. 49 at 3. However, NTSB published its report on October 28, 2020. *Id.* at 2. Plaintiffs do not offer any explanation as to why they waited nearly 19 months after receiving the NTSB report before filing a motion to amend their Complaint. Plaintiffs' delay in bringing their motion is even more notable given that the parties have already completed expert discovery and engaged in substantial litigation on the issue of Defendant's alleged negligence. Thus, the Court denies Plaintiffs' motion.

**ORDER DENYING DEFENDANT'S MOTION FOR RECONSIDERATION; DENYING PLAINTIFFS' MOTION TO AMEND COMPLAINT # 3**

Accordingly, **IT IS HEREBY ORDERED:**

1. Defendant's Motion for Reconsideration, ECF No. 48, is **DENIED**.

2. Plaintiffs' Motion for Leave to File First Amended Complaint, ECF No. 49, is **DENIED**.

**IT IS SO ORDERED.** The District Court Clerk is hereby directed to file this Order and provide copies to counsel.

**DATED** this 21st day of June 2022.



Stanley A. Bastian
Chief United States District Judge

**ORDER DENYING DEFENDANT'S MOTION FOR RECONSIDERATION; DENYING PLAINTIFFS' MOTION TO AMEND COMPLAINT # 4**